NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2010
Decided April 6,  2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1105

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *v.* | No. 4:07CR00007-005 |
| ANIBAL PINEDA-AREOLA, *Defendant-Appellant*. | David F. Hamilton, *Judge.* |

## O R D E R

Anibal Pineda-Areola pleaded guilty to conspiracy to distribute methamphetamine, cocaine, and marijuana. See 21 U.S.C. §§ 846, 841(a)(1). In his plea agreement, he waived his right to appeal the conviction and sentence, but reserved the right to appeal the denial of a motion to suppress evidence regarding a mobile phone seized from him during his arrest. He was sentenced to 120 months' imprisonment. Pineda-Areola filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot identify any nonfrivolous ground for appeal. See *Anders v. California*, 386 U.S. 738 (1967). We confine our review to the potential issues identified in counsel's facially adequate brief, see *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), and Pineda-Areola's submission in response, see CIR. R. 51(b).

As part of an investigation into suspected drug trafficking in Louisville, Kentucky and southern Indiana, law enforcement officers tapped the phone of a drug dealer who made drug-related calls to a mobile phone used by Pineda-Areola. During these calls Pineda-Areola was identified only as "Japo." In a sequence of these calls, the drug dealer set up a transaction with Pineda-Areola at a McDonald's parking lot in Mumfordville, Kentucky. Officers carried out a surveillance of the transaction and saw the drug dealer's courier remove a blue cooler from Pineda-Areola's truck and place it in the courier's vehicle. The officers approached Pineda-Areola (and others) and asked them for identification. The agents checked with the Bureau of Immigrations and Customs Enforcement and were told that Pineda-Areola was in the United States illegally and that he should be brought to Louisville for questioning. After the officers patted-down Pineda-Areola, they seized a mobile phone that was in his front pants pocket. When an officer used another phone to dial the phone number used by "Japo," the phone vibrated. Pineda-Areola was arrested for being in the United States illegally, and was subsequently charged with conspiracy to distribute controlled substances. He moved to suppress evidence related to the phone on grounds that the officers did not have reasonable suspicion to stop him, probable cause to arrest him, and permission to "search" his phone by dialing "Japo's" number. He later pleaded guilty to the charges.

Pineda-Areola suggests in his Rule 51(b) response that he is dissatisfied with his plea agreement and did not understand its significance. But any challenge to Pineda-Areola's plea would be frivolous. The district court conducted a thorough colloquy under Fed. R. Crim. P. 11, and we see no error, plain or otherwise. (Our review would be for plain error because Pineda-Areola did not move to withdraw his plea in the district court. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2008).)

Counsel considers whether Pineda-Areola can raise any challenge to the district court's denial of his motion to suppress. He first examines whether Pineda-Areola could argue that the district court wrongly refused to suppress evidence of the phone because the stop and search were not supported by reasonable suspicion as required by *Terry v. Ohio*, 392 U.S. 1 (1968). Counsel correctly concludes that this argument would be frivolous given the circumstances leading to the stop. It is proper for an officer to conduct a *Terry* stop when the officer is "able to point to 'specific and articulable facts' that suggest criminality so that he is not basing his actions on a mere hunch." *United States v. Booker*, 579 F.3d 835, 838 (7th Cir. 2009) (quoting *Jewett v. Anders*, 521 F.3d 818, 823 (7th Cir.2008)). Here the law enforcement officers had tapped phone conversations between "Japo" and the drug dealer concerning drug transactions. From these calls they learned that "Japo" had set up a drug transaction to occur at the McDonald's parking lot on June 5, 2007. At the parking lot the officers saw the drug dealer's courier transfer a cooler from Pineda-Areola's vehicle to his

own vehicle. Given that the officers knew the day and location of a planned drug deal, followed the drug dealer's courier to the location on that day, and observed the drug dealers exchange a cooler, the officers had much more than a "mere hunch" on which to conclude that a crime was being committed.

Counsel next examines whether Pineda-Areola could challenge the district court's conclusion that the officers had probable cause to arrest him for an immigration violation. But any such challenge would be frivolous. An officer was informed by an agent with Immigration Customs Enforcement that Pineda-Areola was in the United States illegally and consequently should be taken into custody. Once the officer had reasonably trustworthy information (from the ICE agent) that Pineda-Areola was committing a crime (being in the United States unlawfully), the officers had probable cause to arrest him. *United States v. Burnside*, 588 F.3d 511, 517-18 (7th Cir. 2009); *United States v. Brown*, 366 F.3d 456, 458-59 (7th Cir. 2004).

Counsel also examines whether Pineda-Areola could challenge the district court's finding that dialing the phone number associated with "Japo" (and thereby identifying him as Pineda-Areola) was not a search under the Fourth Amendment. But counsel correctly concludes that any such challenge would be frivolous. Even if dialing a phone were considered a search, the officers were entitled to search Pineda-Areola and the phone incident to his lawful arrest. See *United States v. Robinson*, 414 U.S. 218, 235 (1973); *United States v. Ortiz*, 84 F.3d 977, 984 (7th Cir. 1996) (upholding search of contents of pager as incident to lawful arrest); *United States v. Finley*, 477 F.3d 250, 258-60 (5th Cir. 2007) (upholding search of mobile phone's call records and text messages as incident to lawful arrest).

Finally, Pineda-Areola suggests in his Rule 51(b) response that he was dissatisfied with counsel's performance in the district court. To the extent, however, that he wishes to pursue a claim of ineffective assistance, that is best done in a collateral proceeding where the record can be more fully developed. See *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.